1  Brian J Stretch
   United States Attorney
2  450 Golden Gate Ave (11th Floor)
   San Francisco, CA 94102
3  Telephone: (415) 436-7200

4  Attorneys for the United States

5                  UNITED STATES DISTRICT COURT

6                 NORTHERN DISTRICT OF CALIFORNIA

7                       SAN JOSE DIVISION

8  UNITED STATES OF AMERICA,        )  CRIMINAL NO. 16 70254
9         Plaintiff,                )
                                    )  NOTICE OF PROCEEDINGS ON
10       v.                         )  OUT-OF-DISTRICT CRIMINAL
                                    )  CHARGES PURSUANT TO RULES   MAG
11  Everardo Torres                 )  5(c)(2) AND (3) OF THE FEDERAL RULES
                                    )  OF CRIMINAL PROCEDURE
12       Defendant.                 )
                                    )
13  _____  )

14     Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal

15  Procedure that on __3/1/16__, the above-named defendant was arrested based upon an

16  arrest warrant (copy attached) issued upon an

17  ☐ Indictment   ☐ Information   ☐ Criminal Complaint   ☒ Other __Prob Viol__

18  pending in the __Southern__ District of __CA__, Case Number __13cr0982 BTM__

19    In that case, the defendant is charged with a violation(s) of Title(s) ____ United States Code,

20  Section(s) ____.

21  Description of Charges: __Probation Violation__ .

22

23                                              Respectfully Submitted,
                                                Brian J Stretch
24                                              UNITED STATES ATTORNEY

25  Date: __3/1/16__
                                                _____
26                                              Assistant U.S. Attorney

27

28

                                  1

PROB 12C
(04/08)

September 15, 2015

pacts id: 251862

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**AMENDED**                                                                 **AMENDED**

**Name of Offender:** Everardo Torres (English)          **Dkt No.:** 13CR00982-001-BTM

**Reg. No.:** 37544-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Chief U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Marijuana, a class D Felony.

**Date of Sentence:** June 7, 2013

**Sentence:** 8 months custody; 24 months supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

December 2, 2013: Supervised release modified to include placement in the Residential Reentry Center (RRC).

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** October 23, 2013

**Asst. U.S. Atty.:** Andrew J. Galvin          **Defense Counsel:** Robert Carriedo
                                                                   (Appointed)
                                                                   (619) 232-0900

**Prior Violation History:** See prior correspondence. On August 13, 2015, a petition was submitted to Your Honor alleging noncompliance and the Court issued a summons ordering the offender report for Court on September 2, 2015 at 2 p.m; however, the offender failed to appear in Court. The Court ordered that the probation office make additional efforts to serve the offender again. As such, a new summons was issued for September 18, 2015 at 11:30 a.m. The Court ordered that if Mr. Torres is not at his residence, he is requesting that the probation office make a request for a warrant under oath with new allegation.

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**                                         **ALLEGATION(S) OF NONCOMPLIANCE**

**(Standard Condition)**
Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(mv8)*

7. On or about September 10, 2015, Mr. Everardo Torres changed his place of residence without notifying the probation officer.

PROB12(C)
Name of Offender: Everardo Torres                                        September 15, 2015
Docket No.: 13CR00982-001-BTM                                                        Page 2

***Grounds for Revocation:*** As to allegation 7, on February 5, 2015, the offender and the ND/CA probation officer were discussing the possibility of the offender renting a room in Salinas, California. The probation officer gave him explicit instructions to notify her within two weeks, regarding his decision to rent the room. The offender failed to do so.

On April 20, 2015, the probation officer learned from the offender's mother that he had moved to Salinas two weeks prior. On the same day, the probation officer met with the offender at his residence in Salinas, California, at which time she reminded him that he needed to let her know as soon as he changed residences. On July 13, 2015, the probation officer visited the offender at his residence in Salinas and discussed his supervision compliance. He was asked to provide a urine sample, but was unable to provide one. He was instructed to return to the probation office the next day to provide a sample, but failed to report. The probation officer subsequently notified our office of the offender's continued noncompliance and requested court action.

On August 24, 2015, the probation officer received a call from Mr. Torres' brother, Feldmar Torres, who reported that no one in the family has heard from the offender since June 21, 2015, so they went to his residence on August 23, 2015. They were told by the homeowner that Mr. Torres never said goodbye and just vacated the property. His suitcase and clean clothes were gone and all that was left were some dirty clothes. The family indicated that they plan to file a missing person's report. On August 24, 2015, the probation officer attempted to contact Mr. Torres by telephone, but his number was disconnected.

On September 10, 2015, the probation officer conducted a home visit at Mr. Torres last known address in Salinas, California. The owner of the home confirmed that the offender took all of his belongings and moved on July 16, 2015 (which was three days after the officer's last home visit with him). The homeowner speculates that Mr. Torres lost his job as he was delinquent with his rent for two months and always said he did not have money. The probation officer gave the homeowner the summons for the offender to appear on September 18, 2015, in U.S. District Court. The officer also left several messages with Mr. Torres' employer, but she has not heard back. On September 10, 2015, the ND/CA probation officer also dropped off the summons with the offender's brother. The offender has failed to contact the probation officer and his whereabouts is unknown.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On September 2, 2015, a violation hearing was scheduled for Mr. Torres to appear in Court via a Summons to Appear. On this date, he failed to show up to Court. His defense attorney notified the Court that Mr. Torres was not served with the summons to appear. At this same hearing, the probation officer notified the Court that on August 24, 2015, Mr. Torres' family notified the ND/CA probation officer that he had not returned to his residence since approximately June 21, 2015, and his whereabouts are unknown.

The Court ordered that the probation office make additional efforts to serve the summons to appear to the offender. As such, a new summons was issued for September 18, 2015 at 11:30 a.m. The Court ordered that if Mr. Torres is not at his residence, he is requesting that the probation office make a request for a warrant under oath with new allegation.

PROB12(C)

Name of Offender: Everardo Torres  September 15, 2015
Docket No.: 13CR00982-001-BTM  Page 3

As previously alleged in this petition, on September 10, 2015, the ND/CA probation officer went to Mr. Torres' residence, but his whereabouts are unknown and he has not attempted to contact his family members or his probation officer.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Your Honor is respectfully referred to the Offender Personal History/Characteristics section of the petition submitted to the Court on August 13, 2015.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to attend aftercare treatment meetings, failure to follow probation officer's instructions, failure to report to the probation officer, and failure to drug test) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB12(C)
Name of Offender: Everardo Torres
Docket No.: 13CR00982-001-BTM

September 15, 2015
Page 4

## JUSTIFICATION FOR BENCH WARRANT

Mr. Torres has shown a pattern of noncompliance of not reporting to the Probation Officer and not reporting his exact whereabouts, as instructed. He has refused to attend drug treatment and submit to drug testing, making him a potential risk to himself and others in the community due to his drug use history. His current whereabouts are unknown, giving us no other option but to request a bench warrant for his arrest.

## RECOMMENDATION/JUSTIFICATION

Mr. Torres' recent performance on supervision has been poor and his whereabouts are unknown. Therefore, it is this officer's recommendation that, if the allegations are sustained, supervised release be revoked, and that he be sentenced to the high end of the guideline range, 12 months custody, with no supervision to follow, as he has proven to not be amenable to supervision, and our limited judicial resources would be better utilized for an individual who is receptive to supervision.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 15, 2015

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by  Mimi Manzano
U.S. Probation Officer
(760) 305-4653

Reviewed and approved:

Janet Bergland
Supervising U.S. Probation Officer

PROB12CW                                                                                    September 15, 2015

# VIOLATION SENTENCING SUMMARY

**AMENDED**                                                                                 **AMENDED**

1. **Defendant:** Torres, Everardo

2. **Docket No. (Year-Sequence-Defendant No.):** 13CR00982-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

    | Violation(s) | Grade |
    |---|---|
    | Failure to attend aftercare treatment meetings | C |
    | Failure to report to probation officer | C |
    | Failure to follow probation officer's instructions | C |
    | Failure to drug test as directed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                     [ IV ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                 [ 6 to 12 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____    Community Confinement _____
    Fine($)         _____    Home Detention         _____
    Other           _____    Intermittent Confinement _____

PROB12(C)

Name of Offender: Everardo Torres  
Docket No.: 13CR00982-001-BTM

September 15, 2015  
Page 6

## THE COURT ORDERS:

__✓__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

__✓__ Other _The Court finds probable cause as to all allegations._ ~~All allegation~~

_/s/ Barry Ted Moskowitz_  
The Honorable Barry Ted Moskowitz  
Chief U.S. District Judge

Date _September 15, 2015_

I hereby attest and certify on __9/15/2015__  
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

CLERK, U.S. DISTRICT COURT  
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy